IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN KELLY, QUENTIN MONDAY, and RANIQUE WILLIAMS, on behalf of themselves and those similarly situated, Plaintiffs, v. J&J SERVICE SOLUTIONS LLC, Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON JULY 26, 2023<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - COLLECTIVE ACTION

John Kelly ("Kelly"), Quentin Monday ("Monday") and Ranique Williams ("Williams") (together "Plaintiffs") bring this action against J&J Service Solutions LLC ("J&J") for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  Plaintiffs sue on behalf of themselves and other employees pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has personal jurisdiction over J&J because, *inter alia*, it is registered to do business in Pennsylvania, it is headquartered in Pennsylvania, and it regularly conducts business in Pennsylvania.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because, *inter alia*, J&J is headquartered in this judicial district, and, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiffs' claims arose in this district.

## PARTIES

4.      Kelly resides in Houston, Texas.

5.      Monday resides in Baltimore, Maryland.

6.      Williams resides in Chicago, Illinois.

7.      J&J is a corporate entity registered to do business in Pennsylvania and headquartered in Columbia, Pennsylvania (Lancaster County).

8.      Plaintiffs, throughout their employment at J&J, were engaged in commerce and, as such, are covered by the FLSA.  Alternatively, FLSA coverage exists because J&J (which has an annual gross volume of sales made or business done exceeding $500,000) as an enterprise engaged in commerce.

## FACTS

9.      J&J is a "full service facility maintenance and installation company"[1] that employs "experienced Merchandising professionals" to provide customers (which are mostly retail stores) with "merchandising services" such as "Merchandise receiving," "Planogram implementation," "Stocking shelves," "Surveys and audits," "POP placement," "Shelf labeling," and "Display assembly."[2]

10.     J&J employs workers who travel to customer locations and perform, *inter alia*, the types of merchandising services described in paragraph 9.  We will refer to these workers – who hold various job titles – as "merchandisers."

11.     Merchandisers do not receive any overtime premium pay for hours worked over 40 per week.

12.     J&J generally agrees to pay merchandisers a fixed amount of compensation for each day they work regardless of the number of hours worked by the merchandiser each day or each week.  In other words, merchandisers generally are paid on a "day-rate" basis.  *See* 29

---

[1]  *See* https://jnjservicesolutions.com/ (last visited 7/25/23)
[2]  *See* https://jnjservicesolutions.com/merchandising/ (last visited 7/25/23).

C.F.R. § 778.112.  J&J's day-rate compensation policy is reflected in, *inter alia*, offer letters and other company documents.  For example, J&J provided Williams with an offer letter that listed Williams' "Pay rate" as "$150.00 per day."

13.     Kelly worked for J&J as a merchandiser in 2022 and 2023 and was paid pursuant to J&J's day-rate pay policy.

14.     Kelly regularly worked over 60 hours per week and, like other merchandisers, received no overtime wages for hours worked over 40.

15.     Monday worked for J&J as a merchandiser in 2021, 2022, and 2023 and was paid pursuant to J&J's day-rate pay policy.

16.     Monday regularly worked over 60 hours per week and, like other merchandisers, received no overtime wages for hours worked over 40.

17.     Williams worked for J&J as a merchandiser in 2021, 2022, and 2023 and was paid pursuant to J&J's day-rate pay policy.

18.     Williams regularly worked over 60 hours per week and, like other merchandisers, received no overtime wages for hours worked over 40.

19.     In failing to pay overtime wages to Plaintiffs and other merchandisers, J&J violated the FLSA and acted willfully and with reckless disregard of clearly applicable FLSA provisions.[3]

---

[3]  Some paystubs received by merchandisers obfuscate J&J's policy of paying a day-rate without overtime by breaking down merchandisers' compensation into categories labeled, *inter alia*, "Regular" and "Overtime."  The payments associated with these labels, however, bear no relationship to the basic rule that employees receive "regular" wages for working 40 or fewer hours *per week* and overtime wages for working over 40 hours *per week*.  *See, e.g.*, 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.108.  Indeed, it appears that J&J attributes a portion of each *daily* payment to "regular" compensation and another portion of each *daily* payment to "overtime" compensation.  Such "split-day" payment schemes have been found to illegally circumvent the employer's obligation to pay overtime wages to day-rate employees.  *See, e.g.* 29 C.F.R. § 778.501; *Lee v. Vance Executive Protection, Inc.*, 7 Fed. Appx. 160 (4th Cir. 2001).

## COLLECTIVE ALLEGATIONS

20.     Plaintiffs pursue this action on behalf of the following putative collective:

**All individuals (regardless of job title) who, during any week within the past three years, were paid by J&J Services Solutions LLC (or any subsidiary, partner, or associated company) to perform merchandising services at customers' retail locations.**

21.     Plaintiffs' FLSA claim should proceed as a collective action because they and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I

22.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).  This requirement generally applies to, *inter alia*, employees paid on a day-rate basis.  *See*, *e.g.*, 29 C.F.R. § 778.112.

23.     In failing to pay overtime wages to Plaintiffs and other collective members for hours worked over 40 per week, J&J acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## JURY DEMAND

Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other collective members, demand:

A.  Issuance of notice to all members of the proposed FLSA collective;

B.  Judgment against Defendant for an amount equal to Plaintiffs' and other collective

members' unpaid overtime wages;

C.  An amount equal to the overtime wage damages as liquidated damages under the

FLSA;

D.  Prejudgment interest;

E.  All costs and attorney's fees incurred prosecuting this action; and

F.  Such further relief as the Court deems just and equitable.

Dated:  July 26 2023                  Respectfully,

Josef F. Buenker (*pro hac vice* admission anticipated)
The Buenker Law Firm
P.O. Box 10099
Houston, Texas 77206
(713) 868-3388
jbuenker@buenkerlaw.com


_____
Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mtolodziecki@winebrakelaw.com